**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SANDRA TOCCI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2:22-cv-02174-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| CORECIVIC, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendants CoreCivic and Brian Koehn's[1] (collectively "Defendants'") Motion to Dismiss, (ECF No. 11). Plaintiffs Sandra Tocci, Joseph Michael Tocci, Shawn Louis Tocci, and Louis James Tocci ("Plaintiffs") filed a Response, (ECF No. 16), to which Defendants filed a Reply, (ECF No. 19).

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss.

## I.    BACKGROUND

This case arises from alleged violations of Nevada state law and statutes purportedly committed by Defendants. (*See generally* First Am. Compl. ("FAC"), ECF No. 10). This lawsuit was preceded by another action, (the "First Action), brought only by Plaintiff Sandra Tocci. (Am. Compl, ECF No. 5 in Case No: 2:21-cv-01302-GMN-NJK). Both lawsuits are based on the same underlying facts. (*Compare* FAC, ECF No. 10 with Am. Compl, ECF No. 5 in Case No: 2:21-cv-01302-GMN-NJK).

On July 9, 2021, Plaintiff Sandra Tocci initiated the First Action against Defendants in this Court, asserting United States constitutional claims pursuant to 42 U.S.C. § 1983, in

---

[1] Defendant Brian Koehn filed a Notice of Joinder, (ECF No. 14), informing the Court that it joined Defendant CoreCivic's Motion to Dismiss, (ECF No. 11), Plaintiffs' First Amended Complaint.

addition to Nevada state-law claims for wrongful death and negligence. (*See* Compl., ECF No. 1 in Case No.: 2:21-cv-01302-GMN-NJK).  After Plaintiff Sandra Tocci filed an Amended Complaint adding claims for gross negligence and negligent hiring and retention, (*see* Am. Compl, ECF No. 5 in Case No: 2:21-cv-01302-GMN-NJK), Defendants filed a Motion to Dismiss, (Mot. Dismiss ("MTD"), ECF No. 13 in Case No.: 2:21-cv-01302-GMN-NJK), which the Court subsequently granted on August 15, 2022. (Order Granting MTD, ECF No. 79 in Case No.: 2:21-cv-01302-GMN-NJK).  The Court dismissed without prejudice Plaintiff Sandra Tocci's second cause of action for wrongful death due to lack of subject matter jurisdiction. (Order Granting MTD 4:1–6:24, ECF No. 79 in Case No.: 2:21-cv-01302-GMN-NJK).

On October 31, 2022, Plaintiff Sandra Tocci filed a new Complaint in the Fifth Judicial District Court for Nye County, Nevada. (*See generally* Compl., Ex. 1 to Pet. Removal, ECF No. 1-2).  Defendants subsequently removed the case to this Court based on diversity jurisdiction. (*See generally* Pet. Removal, ECF No. 1).  On February 2, 2023, Plaintiff Sandra Tocci filed the instant FAC, adding Joseph Michael Tocci, Shawn Louis Tocci, and Louis James Tocci (the "Heirs and Sibling Plaintiffs") to this lawsuit. (*See generally* FAC, ECF No. 10).  The FAC asserts claims for wrongful death under NRS § 41.085, and a survival claim. (FAC ¶¶ 40–85).

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

///

///

///

## III.    DISCUSSION

As stated, Plaintiffs bring claims for wrongful death under NRS § 41.085, and a survival claim. (FAC ¶¶ 40–85).  The wrongful death claim is brought by Plaintiff Sandra Tocci and the Heirs and Siblings Plaintiffs. (*Id.* ¶¶ 60–76).  The survival claim is brought only by Plaintiff Sandra Tocci. (*Id.* ¶¶ 77–85).  Plaintiffs concede that the statute of limitations for both causes of action elapsed on July 12, 2021. (FAC ¶ 1); (Resp. 3:7–8, ECF No. 16).  Nevertheless, Plaintiffs contend that their otherwise time-barred claims are resuscitated under NRS § 11.500 and Fed. R. Civ. P. 15(c). (Resp. 3:7–8).  In response, Defendants concede that NRS § 11.500 saves Plaintiff Sandra Tocci's wrongful death claim, but otherwise contend that neither statute saves Plaintiffs' remaining claims. (*See generally* MTD, ECF No. 11); (Reply, ECF No. 19).  The Court will first examine the applicability of NRS § 11.500.

### A.  NRS § 11.500

NRS § 11.500 is Nevada's "savings statute." *Wheble v. Eighth Judicial Dist. Court of State ex rel. County of Clark.*, 272 P.2d 134, 136 (Nev. 2012).  The statute reads:

> Notwithstanding any other provision of law, and except as otherwise provided in this section, if an action that is commenced within the applicable period of limitations is dismissed because the court lacked jurisdiction over the subject matter of the action, the action may be recommended in the court having jurisdiction within:
>
> (a)  The applicable period of limitations; or
> (b)  Ninety days after the action is dismissed, whichever is later.

NRS § 11.500.  According to Defendants, NRS § 11.500 neither saves the Heirs and Siblings Plaintiffs wrongful death claim nor Plaintiff Sandra Tocci's survival claim.  As to the Heirs and Sibling Plaintiffs wrongful death claim, Defendants contend that NRS § 11.500 does not apply because they were not a party to the First Action. (MTD 6:2–18).  And as to Plaintiff Sandra Tocci's survival claim, Defendants assert NRS § 11.500 is inapplicable because the statute only applies to recommenced claim(s) that were dismissed in the original lawsuit for

lack of subject-matter jurisdiction. (Reply 4:18–19).  Put differently, Defendants posit that NRS § 11.500 does not permit a plaintiff to "bring new claims not included in the first lawsuit to circumvent the expiration of applicable statute of limitations" like Plaintiff Sandra Tocci's survival claim. (*Id*.).  In response, Plaintiffs' assert that Defendant's narrow construction of NRS § 11.500 misconstrues the plain language of the statute and is contrary to the statute's intent. (Resp. 4:5–5:6).

To date, the Supreme Court of Nevada "has devoted little attention to this provision . . . ." *HSBC Bank USA, N.A. as Trustee for Holders of Ace Sec. Corp. Home Equity Loan Tr., Asset-backed Pass-through Sec. 2005-HE7 v. Aurora Canyon Homeowners Ass'n*, No. 2:19-cv-00752, 2021 WL 911685, at *2 (D. Nev. Feb. 10, 2021), *appeal dismissed*, 21-15417, 2022 WL 4016674 (9th Cir. Apr. 19, 2022).  Indeed, the most extensive examination of this statute is found in a decision from this court in *HSBC Bank USA*.

In *HSBC Bank USA*, HSBC sought a judicial determination that its deed of trust for a home was not extinguished.  *Id*. at *1.  But this was not the first action seeking a declaration on this property. *Id*.  Loan servicer Nationstar Mortgage previously initiated similar claims, which were dismissed by the court based on Nationstar's lack of standing. *Id*.  Thus, HSBC repackaged Nationstar's suit, inserted itself as the plaintiff, and returned to the court two months later, claiming that NRS § 11.500 rescued its now time-barred claims from dismissal. *Id*.  The court found that the plain language of NRS § 11.500 did not cover a situation where an action was dismissed and then filed in the same court by another plaintiff. *Id*. at *2. Specifically, the court found the use of the definite article "the" in "the action may be recommenced," along with the use of the term recommenced, suggested that the "very same lawsuit must be refiled in order to trigger the protections of th[e] statute." *Id*.

The Court finds *HSBC Bank USA* instructive.  The First Action only involved Plaintiff Sandra Tocci. (*See generally* Am. Compl. in Case No: 2:21-cv-01302-GMN-NJK).  Her

wrongful death claim is tolled pursuant to NRS § 11.500 because it was dismissed from the First Action for lack of subject matter jurisdiction and recommenced in state court within ninety days of the claim being dismissed. (Order Granting MTD, ECF No. 79 in Case No.: 2:21-cv-01302-GMN-NJK); (Compl., Ex. 1 to Pet. Removal).  In contrast, the Heirs and Sibling Plaintiffs were not a party to the First Action. (*See generally* Am. Compl. in Case No: 2:21-cv-01302-GMN-NJK).  "Savings statutes like NRS § 11.500 are generally designed to protect plaintiffs who mistakenly file their cases in the wrong court." *HSBC Bank USA*, 2021 WL 911685, at *2 (citation omitted).  But unlike Plaintiff Sandra Tocci, the Heirs and Sibling Plaintiffs never filed a lawsuit in the wrong court.  For the Heirs and Siblings Plaintiffs, this action does not constitute a recommencement of the First Action, but the beginning of a separate and wholly distinct lawsuit.  Thus, the "savings statute does not infuse" the Heirs and Siblings Plaintiffs "with the timeliness" that Plaintiff Sandra Tocci's wrongful death claim enjoys. *HSBC Bank USA*, 2021 WL 911685, at *2.

Similarly, NRS § 11.500 does not save Plaintiff Sandra Tocci's survival claim. Plaintiffs explain that "while Plaintiff [Sandra Tocci] did not specifically plead the survival claim in the [First Action], it was clear that [she] attempted to set out the survival claim." (Resp. 7:10–12).  Although Plaintiff Sandra Tocci may have intended to plead a survival claim in the First Action, she ultimately did not. (*See generally* Am. Compl, ECF No. 5 in Case No: 2:21-cv-01302-GMN-NJK).  The Court's Order only dismissed Plaintiff Sandra Tocci's wrongful death claim for lack of subject matter jurisdiction. (Order Granting MTD 4:1–6:24, ECF No. 79 in Case No.: 2:21-cv-01302-GMN-NJK).  NRS § 11.500 is designed to protect litigants who mistakenly filed their action in the wrong court.  Rather than mistakenly file her survival claim in the wrong court, Plaintiff Sandra Tocci failed to affirmatively plead this cause of action.  Her failure to plead is a mistake regardless of which court the First Action was filed. Plaintiffs cannot circumvent the expiration of the applicable statute of limitations by tolling

unpled claims. Permitting these new claims would exceed the scope and purpose of NRS § 11.500. Accordingly, the Court finds that NRS § 11.500 does not save Plaintiff Sandra Tocci's survival claim.

### B. Fed. R. Civ. 15(c)

Alternatively, Plaintiffs contend that their claims are not time-barred because the FAC relates back to the Complaint filed in the First Action pursuant to Fed. R. Civ. P. 15(c). (Resp. 5:7–12). In rebuttal, Defendants argue that Fed. R. Civ. P. 15(c) does not "allow a claim to relate back to a complaint filed in a different lawsuit with different parties and a different case number. (Reply 2:13–14, ECF No. 19). Here, the Court agrees with Defendants that Plaintiffs' FAC does not relate back to the First Action under Fed. R. Civ. 15(c).

Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). "However, the Ninth Circuit has directly addressed and rejected Plaintiff[s'] contention that [their] complaint in this action could relate back to a complaint in a different lawsuit." *Goins v. City & Cnty. of San Francisco*, No. 16-cv-06705, 2018 WL 10455157, at *3 (N.D. Cal. Mar. 20, 2018) (citing *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th Cir. 2006).

In *O'Donnell*, the plaintiff timely filed her first complaint asserting a claim under Title VII within 90 days after issuance of a right-to-sue letter from the EEOC. *Id*. at 1066. The *O'Donnell* court dismissed the suit without prejudice for failure to prosecute. *Id*. The plaintiff in *O'Donnell* did not appeal the dismissal. Instead, she filed another complaint in a separate action, more than ninety days after the EEOC's issuance of her right-to-sue letter. *Id*. The Ninth Circuit held that her second complaint did not "'relate back' to her first complaint because her second complaint was not an 'amendment' to her first complaint, but rather a

separate filing." *Id*. (citing Fed. R. Civ. P. 15(c)(2)); *see Aris v. Hawaii*, No. 13-cv-00035, 2013 WL 3030214, at *7 (D. Haw. June 14, 2013) ("[T]he Ninth Circuit has held that tolling does not apply when a plaintiff dismisses a timely filed complaint and later files a new complaint, nor does the second complete relate back to the first complaint under Fed. R. Civ. P. 15(c)(2) because the second complaint is a separate filing, not an 'amendment' of the original complaint.") (citation omitted).

The Ninth Circuit's decision in *O'Donnell* controls the instant action.  Here, the FAC does not relate back to the First Action because this lawsuit constitutes a separate and distinct action as opposed to an amendment or a supplementary proceeding to the First Action.[2] *See Espinosa v. Corrections Corporation of America*, No. 2:19-cv-01617, 2022 WL 867222, at *5 (D. Nev. Mar. 23, 2022) ("However, 'relation back' applies only in the context of amendment to the original pleadings, not to entirely new lawsuits, as is the case here."); *McDermott v. Potter*, No. 09-cv-1008, 2010 WL 11527334, at *2 (W.D. Wash. May 11, 2010) ("Furthermore, to whatever extent Mr. McDermott believes that this second lawsuit 'relates back' to the complaint he filed in the first lawsuit, he is mistaken. This lawsuit constitutes an entirely separate action.") (citing Fed. R. Civ. P. 15(c)(2)).  It is undisputed that the statute of limitations for Plaintiffs' claims elapsed on July 12, 2021. (Resp. 3:7–8).  Thus, Plaintiff Sandra Tocci's survival claim, as well as the Heirs and Sibling Plaintiffs' wrongful death claim, are time-barred.

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 464 F.3d 946, 951 (9th Cir. 2006) (quotation omitted).  However, "[l]eave to amend need not be granted when . . . amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).  And

---

[2]  At most, Plaintiffs' FAC relates back to the Complaint Plaintiff Sandra Tocci filed on October 31, 2022, in the Fifth Judicial District Court for Nye County that began this action. (*See generally* Compl., Ex. 1 to Pet. Removal).  Even using this date, however, Plaintiffs claims would still be time-barred.

"[g]ranting leave to amend is futile where the . . . claim . . . is barred by the statute of limitations." *Shade v. Wells Fargo Bank*, No. 2:08-cv-1068, 2009 WL 1704715, at *3 (E.D. Cal. June 17, 2009) (citing *Deutsch v. turner Corp.*, 324 F.3d 692, 718 n. 20 (9th Cir. 2003). As Plaintiffs' claims are time-barred and could not be cured by amendment, the Court will not provide them with leave to amend. *See Del Toro v. 360 Partnership LP*, No. 21-cv-1216, 2021 WL 5050057, at *1 (C.D. Cal. Nov. 1, 2021) ("Amendment is futile when a claim is clearly time barred.").

**IV.    DISCUSSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 11), is **GRANTED**.

**DATED** this ___30___ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT