UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Sandra Tocci, as Special Administrator and Personal Representative of the Estate of Frank Tocci, deceased; and Sandra Tocci as Heir and Mother of Frank E. Tocci, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc. f/k/a Corrections Corporation of America; Brian Koehn, Warden, Nevada Southern Detention Center,<br><br>Defendants. | Case No. 2:22-cv-02174-GMN-DJA<br><br>**Order** |

Before the Court is the parties' stipulated discovery plan and scheduling order. (ECF No. 24). The parties request that the Court bifurcate fact and expert discovery deadlines and stagger expert disclosure deadlines. However, because the discovery plan contains certain deficiencies, the Court denies it without prejudice.

First, the parties seek to conclude expert discovery after fact discovery, a bifurcated process not provided in Local Rule 26-1(b)(1) and (3). Local Rule 26-1(b)(1) and (3) provide that expert discovery should conclude before the discovery cut-off date. While the parties explain that they wish to "have a full disclosure of the type of opinions needed[] prior to retaining their experts," this explanation is insufficient to support bifurcating discovery. Complications can occur when discovery disputes regarding experts—particularly those requiring a re-opening of discovery—occur after the close of discovery. And the parties do not explain why they will be unable to determine the topics of expert opinions through other discovery methods before the typical expert discovery cutoff. Given the problems that bifurcating discovery can cause, the Court is not inclined to grant a request to bifurcate absent robust explanation.

Second, the Court does not take issue with the parties' request to stagger expert discovery so that Plaintiffs disclose initial experts first. But the parties' proposal does not account for rebuttal expert disclosures under Local Rule 26-1(b)(3). In their amended discovery plan, the parties must address rebuttal experts.

Finally, the parties provide that, "[b]efore moving for an order relating to discovery, the movant must request a conference with the assigned magistrate judge." (ECF No. 24 at 2). Local Rule 26-1(c) provides that the "discovery plan *may* direct" this conference. (emphasis added). However, the undersigned magistrate judge does not hold pre-motion conferences absent special circumstances. The parties are thus directed to remove this language from their amended discovery plan. If the parties believe that any discovery motion requires a pre-motion conference, they may move separately for that relief.

**IT IS THEREFORE ORDERED** that the parties' stipulated discovery plan (ECF No. 24) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the parties shall file an amended stipulated discovery plan in compliance with this order on or before **June 7, 2023**.

DATED: May 17, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE